**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

CAROLYN WARREN,

        Plaintiff,

vs.

RK PROPERTIES, *et al.*,

        Defendants.

Case No. 2:14–cv–1583–JAD–VCF

**ORDER AND**
**REPORT & RECOMMENDATION**

      This matter involves *pro se* Plaintiff Carolyn Warren's civil action against RK Properties, *et al.* (#1-1[1]). Before the court is Warren's Application to Proceed *in Forma Pauperis* (#1) and Complaint. For the reasons stated below, Warren's Application to Proceed *in Forma Pauperis* is granted and the court recommends dismissing Warren's complaint without leave to amend.

**BACKGROUND**

      In July of 2014, Warren filed an action in state court, alleging that a mold growth in her apartment poses a health hazard to Warren and her daughter. The matter was referred to mediation and a determination was made. Warren commenced this action in federal court because "the federal [court] would be better because the Regional Justice Court didn't help."

***IN FORMA PAUPERIS* APPLICATION**

      Warren asserts in her application to proceed *in forma pauperis* that she is unemployed, receives $731.00 per month in Social Security Disability benefits, $9.00 per month in Supplemental Social Security benefits, and $864.00 per month in Social Security Disability benefits on behalf of her daughter. (#1). Additionally, Warren asserts that her monthly expenses exceed $1,500.00 per month.

---

[1] Parenthetical citations refer to the court's docket.

(*Id.*) Accordingly, Warren's application to proceed *in forma pauperis* is granted.

## LEGAL STANDARD

After a court grants a plaintiff *in-forma-pauperis* status, it must review the operative complaint to determine whether it is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). This review is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain" "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) states that in order to satisfy Rule 8(a)'s requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680; *see also Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir 2014) (extending *Iqbal* to Rule 8(a)(1)).

## DISCUSSION

Warren's complaint should be dismissed because the court lacks subject-matter jurisdiction. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also* 28 U.S.C. § 1331; 28 U.S.C. § 1332. Limited jurisdiction means that federal courts (1) possess only that power authorized by the Constitution or a specific federal statute, *see id.* (citation omitted) and (2) do not have jurisdiction over a matter simply because the alleged wrong occurred in the same city, county, or state in which the court sites. *See* U.S. CONST. art. III, § 2, cl. 1. The burden of proving jurisdiction rests on the party asserting jurisdiction, *see McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936), and the U.S. Supreme Court has long directed lower courts to presume that they lack jurisdiction. *Turner v. Bank of North Am.*, 4 U.S. 8, 11, 4 Dall. 8, 11

(1799). Under Federal Rule of Civil Procedure 12(h)(3), the court must dismiss any action as soon as it determines that the court's jurisdictional requirements have not been met.

Here, Warren predicates federal jurisdiction on an unfavorable determination in state court. Federal district courts cannot exercise appellate jurisdiction over state court actions. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). If Warren is dissatisfied with the state's resolution of her dispute, she must appeal that decision within the state-court system.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Warren's application to proceed *in forma pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that Warren is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint.

IT IS RECOMMENDED that Warren's complaint (#1-1) be DISMISSED for lack of subject-matter jurisdiction.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the

District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 1st day of October, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE