1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Carolyn Warren,

                Plaintiff,

v.

RK Properties, et al.,

                Defendants.

Case No. 2:14-cv-1583-JAD-VCF

**Order Re: Objections to Report and Recommendation [Doc. 5] and Emergency Motion for Preliminary Injunction [Doc. 2]**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     *Pro se* plaintiff Carolyn Warren became embroiled in a dispute with her landlord, RK Properties, over several issues with her Las Vegas, Nevada, apartment unit; she filed an action in Nevada state court, which was referred to mediation on July 17, 2014.  Doc. 4 at 2, 4-7.  Although the results of mediation are not disclosed, Warren then sued in federal court on September 25, 2014 "because the Regional Justice Court didn't help."  *Id.* at 2, 4-7, 43. The matter was referred to U.S. Magistrate Judge Cam Ferenbach for initial screening of the action as an *in forma pauperis* matter.  In his screening order, Magistrate Judge Ferenbach notes that Warren's suit, as pled, is a *de facto* challenge to her state court adjudication, which this court lacks subject matter jurisdiction to review, and he recommends I dismiss Warren's complaint without leave to amend.  *See* Doc. 3.  Warren "objects" to the recommendation by arguing, for the first time, that she brings suit under several federal statutes and that her state-court mediation has nothing to do with the instant suit.  Doc. 5.  I agree with Magistrate Judge Ferenbach's recommended dismissal of Warren's claims under the *Rooker-Feldman* doctrine, overrule Warren's objections, and primarily adopt Judge Ferenbach's report and recommendation.  However, and based solely on the arguments Warren chose not to clearly present to Magistrate Judge Ferenbach for consideration, I permit Warren 30 days to file a proper motion for leave to file an amended complaint.  I also deny without prejudice Warren's emergency motion for a preliminary injunction.

**Background**[1]

This case results from a troubled relationship between Warren and RK.  On July 11, 2014, Warren informed RK of several apartment-related maintenance and safety concerns and of alleged harassment by RK's employees.  *See* Doc. 4 at 30.  On July 15, 2014, Warren applied for a protective order action against Dwayne Anthony, an RK employee, in the Las Vegas Justice Court.  *Id.* at 5.  The case was referred to mediation on July 17, 2014, the results of which are not disclosed.  *Id.* at 43.  On July 21, 2014, RK mailed Warren a letter in which it "vehemently denies all allegations of wrongdoing by its employees—and specifically, that any employee engaged in harassing conduct or threatened harm towards you or your occupants."  *Id.* at 31.

On August 7, 2014, inspection of Warren's apartment revealed a "mold like substance."  Doc. 4 at 20.  On September 8, 2014, Warren notified RK that she would not cooperate with mold-remediation efforts.  *Id.* at 22  On September 18, 2014, Warren's landlord gave her a 5-day notice to temporarily vacate her apartment for 2-3 days for mold remediation, during which time she would receive free accommodations at a local hotel plus a food allowance of $25 per person.  *Id.*  The letter indicated that if Warren failed to comply with RK's efforts to remove the mold, she would be in violation of her lease terms, and the lease would be terminated.  *Id.*  On September 19, 2014, Warren received a note from Dr. Jeff Willoughby, who advised against Warren's continued residence in an apartment where mold was present; he recommended that Warren "be accommodated into a different unit for health reasons."  Doc. 4 at 41.  On September 24, 2014, Warren received a 24-hour notice of her landlord's intent to enter the premises for mold remediation.  *Id.* at 23.

Warren sued RK, William Rance King, Jr., Traci Parsons, and Steven Marzullo in this court on September 25, 2014.  Her two-page, handwritten complaint states that she brought suit in this forum "because the Regional Justice Court didn't help."  *Id.* at 2.  Her

---

[1] This background section is derived from Warren's complaint and the documents attached thereto. It is not intended as any finding of fact.

1   complaint requests assistance in complying with her doctor's orders and relocating her and

2   her daughters to another dwelling "to prevent further damage to our health." *Id.* Warren's

3   complaint cites no law or other authority supporting her allegations. She also attaches

4   various Nevada state court filings, doctors notes, apartment inspection reports, and

5   correspondence in no particular order. *Id.* at 3-44. None of her attached documents are

6   referenced in the body of her two-page complaint.

7        In his initial screening order, U.S. Magistrate Judge Cam Ferenbach recommends

8   dismissing Warren's complaint without leave to amend because Warren's suit is a *de*

9   *facto* appeal of her state court proceedings for which the proper remedy was to appeal her

10   state court decision in the state court system, not to seek review by a federal court. Doc. 3 at

11   4.[2]

12                                **Discussion**

13        A U.S. magistrate judge may be designated to "conduct hearings . . . and to submit

14   proposed findings of fact and recommendations" regarding the disposition of motions before

15   the Court.[3] A party may file objections to these proposed findings and recommendations,

16   which the district court reviews de novo.[4] The standard of review applied to the unobjected-

17   to portions of the report and recommendation is left to the district judge's discretion.[5]

18        Warren lodges a procedural objection to the report and recommendation and two

19   substantive "objections" to Judge Ferenbach's findings. The first challenges his application

20   of the *Rooker-Feldman* doctrine as a general matter; the second impliedly admits that her

21

22       [2] At that time, Magistrate Judge Ferenbach also granted Warren's motion for leave to proceed *in*

23   *forma pauperis* and ordered the complaint to be filed. Docs. 3, 4.

24       [3] 28 U.S.C. § 636(b)(1)(B).

25       [4] 28 U.S.C. § 636(b)(1); *United States v. Berhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988); *Schmidt v.*

26   *Johnstone*, 263 F. Supp. 2d 1219, 1125 (D. Ariz. 2003) (quoting *United States v. Reyna-Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003)) (finding that de novo review is required as to findings of fact and conclusions of

27   law where parties object).

28       [5] 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003).

1   original complaint failed to do anything more than challenge her unfavorable adjudication in

2   Nevada state court, but she requests leave to amend her complaint.  *See* Doc. 5.

3   **A.      The *Rooker-Feldman* doctrine bars Warren's claims as currently pled.**

4           Warren first generally objects to Magistrate Judge Ferenbach's ruling that the court

5   lacks subject matter jurisdiction "because it denies Plaintiff all access to the courts and

6   involves violations of Due Process of Law under Title II of the ADA and the ADAAA of

7   2008."  Doc. 5 at 2.

8           Federal courts are courts of limited jurisdiction.[6]  Under Federal Rule of Civil

9   Procedure 12(h)(3), "If the court determines at any time that it lacks subject-matter

10  jurisdiction, the court must dismiss the action."[7]  The *Rooker–Feldman* doctrine recognizes

11  that a district court lacks subject matter jurisdiction to review—directly or indirectly—a

12  state court judgment.[8]  Its application "is confined to cases of the kind from which the

13  doctrine acquired its name: cases brought by state-court losers complaining of injuries

14  caused by state-court judgments rendered before the district court proceedings commenced

15  and inviting district court review and rejection of those judgments."[9]  The doctrine also bars

16  relitigation of issues that are "inextricably intertwined" with a state court judgment.[10]  Thus,

17  the fact that a particular provision of federal law was not raised in a state court proceeding

18  will not bar application of the *Rooker-Feldman* doctrine if the federal suit is an

19  impermissible *de facto* appeal.

20          Warren's general objection that Magistrate Judge Ferenbach's ruling prevents her

21  ────────────────────────

22  [6] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

23

24  [7] Fed. R. Civ. Proc. 12(h)(3).

25  [8] *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 285 (2005); *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).  The doctrine is derived from *District of Columbia Court of Appeals v.*

26  *Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

27  [9] *Exxon Mobil Corp.*, 544 U.S. at 284.

28  [10] *Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005).

1    from accessing the courts misconstrues the scope of the *Rooker-Feldman* doctrine.  The

2    doctrine does not prevent Warren from accessing the courts; it merely requires her to utilize

3    the appellate process in the Nevada state courts where she originally sued.  Warren's

4    objection is overruled.

5            I also agree with Judge Ferenbach that the *Rooker-Feldman* doctrine bars Warren's

6    complaint as it is currently pled.  Although her complaint appears to address only issues

7    related to mold in her apartment and not the issues of stalking and harassment alleged in her

8    Nevada state court proceedings, her allegation that the "Regional Justice Court didn't help"

9    indicates that she, in fact, sought relief from the Nevada state courts in connection with that

10   issue.  Warren's attachment of her Nevada state filings against Anthony to her federal

11   complaint also belies her assertion that the two actions are wholly unrelated.  A plaintiff can

12   plead herself "out of a claim by including unnecessary details contrary to [her] claim."[11]

13   Based on Warren's filings, it was not unreasonable for Magistrate Judge Ferenbach to

14   conclude that her complaint is an attempt to impermissibly appeal the resolution of her state

15   court proceedings in this forum.  As currently pled, I lack subject matter jurisdiction over

16   Warren's complaint, so adopt Judge Ferenbach's recommendation that I dismiss it.

17   **B.    Based on the new facts presented in her objection that were not available to
           Judge Ferenbach, Warren may move for leave to file an amended complaint.**

18

19           Warren impliedly acknowledges that Magistrate Judge Ferenbach correctly pointed

20   out the deficiency in her complaint, as she now offers an "addendum" that the Nevada state

21   court was unhelpful in "protect[ing her] due process of the law under Title II of ADA and

22   ADAAA of 2008, concerning civil rights and persons with disabilities."  *Id.* at 2-3.  She also

23   now suggests that subject matter jurisdiction is proper based on defendants' violations of a

24   potpourri of federal constitutional provisions, statutes, and regulations, as well as several

25   common law causes of action; however, she provides no meaningful explanation for why

26

27

28           [11] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

1   any of this federal law applies to her case.  Doc. 5 at 4-6.[12]  I construe Warren's "objection"

2   liberally as a request for leave to file an amended complaint.[13]  But because Warren has not

3   complied with Local Rule 15-1, which requires a party who desires to amend her complaint

4   to attach the proposed amended pleading to any motion to amend, "so that it will be

5   complete in itself without reference to the [original] pleading,"[14] I deny the request without

6   prejudice.  If Warren desires to amend her complaint to assert additional claims, she must

7   file a proper motion to amend her complaint within 30 days and she must attach to that

8   motion a properly drafted proposed amended complaint that sets forth all the claims she

9   reasonably believes she can plead in this court.  Warren is cautioned that if she fails to file a

10  proper and meritorious motion to amend within 30 days, this case will be dismissed without

11  prejudice and without further prior notice.  **Warren is further advised of the following:**

12      1.      Any proposed amended complaint must comply with all rules of this Court,

13  which include the Federal Rules of Civil Procedure (available on the U.S. Courts website at

14  http://www.uscourts.gov/uscourts/rules/civil-procedure.pdf) and the Local Rules of Practice

15  for the District of Nevada (available on this Court's website at

16  http://www.nvd.uscourts.gov/).  I caution Warren that although she is not to be held to the

17

18      [12] These are: "violations of Title VIII of the Civil Rights Act of 1968, as amended by the Fair
19  Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 [42 U.S.C. § 3613] Enforcement by Private
    Persons, 24 CFR § 100.400 - Prohibited Interference, Coercion or Intimidation, violations of the 1st, 4th, 5th,
20  9th, and 14th  Constitutional Amendments, Deprivation of Constitutional Rights and Privileges, 42 U.S.C. §
    1983, Conspiracy to Depriving Persons of Equal Protection of the Laws, 42 U.S.C. § 1985, Violation of First
21  Amendment Speech Rights Pursuant to 42 U.S.C. §§ 1983, 1988, Intentional Infliction of Emotional
    Distress, Invasion of Privacy, willful, malicious, retaliatory, discriminatory, abusive and outrageous actions
22  against Plaintiffs," and "Jurisdiction of this Court arises under 28 U.S.C. § 1337, Civil Rights Title 42 U.S.
    Code Sections 1983, 1986, 42 U.S.C. § 3613, 47 U.S.C. § 227(b)(3); 47 C.F.R. § 64.1200(a)(2); and
23  supplemental jurisdiction exists pursuant to 28 U.S.C. § 1331."  Doc. 5 at 3.

24
25      [13] Warren moves from this point to cite a string of cases—most of then non-binding—to argue that
    her *pro se* filing must be given deference, and that Magistrate Judge Ferenbach demonstrated "bias" in
26  recommending dismissal, apparently because he did not give Warren the degree of deference to which she
    was entitled as a *pro se* litigant.  Doc. 5 at 4.  Warren does not elect to style this assertion as an "objection,"
27  and I decline to consider it.

28      [14] Nev. L.R. 15-1.

1  same standard as an admitted attorney[15] and her filings are to be judged by their function,

2  with liberal construction of "inartful pleading[s],"[16] she is not relieved of the obligation to

3  follow all rules of this Court simply because he has chosen to represent herself.[17]

4      2.      Although the I am in no way identifying all of the rules and procedures that

5  Warren must follow, I will highlight a few of the rules that specifically apply to the form of

6  complaints.  For example (and again, this list is in no way exhaustive and Warren has the

7  obligation to research, become familiar with, and comply with **all** of the rules of this Court):

8      a.      Federal Rule of Civil Procedure 10(b) requires a party to "state its claims

9  or defenses in **numbered paragraphs**."[18] (Much like the form of pages 6-7 of this order).

10     b.      Warren's complaint must also comply with Federal Rule of Civil Procedure 8,

11  which requires a complaint to contain:

12          (1)   a short and plain statement of the grounds for the court's
                  jurisdiction, unless the court already has jurisdiction and the
13                claim needs no new jurisdictional support;

14          (2)   a short and plain statement of the claim showing that the pleader
                  is entitled to relief; and
15

16          (3)   a demand for the relief sought, which may include relief in the
                  alternative or different types of relief.[19]

17     c.      For leave to amend to be granted, a proposed amended complaint must give

18  each defendant "fair notice of what the claim is and the grounds upon which it rests."[20]  This

19  standard requires inclusion of the factual and legal basis for each claim.  Thus, Warren's

20

21      [15] *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

22      [16] *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

23      [17] *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (pro se litigants "must follow the same rules
    of procedure that govern other litigants"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th
24  Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates.").
    *See also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).
25

26      [18] Fed. R. Civ. Proc. 10(b) (emphasis added).

27      [19] Fed. R. Civ. Proc. 8(a).

28      [20] *Twombly*, 550 U.S. at 555 (2007) (citation omitted).

1 | amended complaint must specifically allege what law, statute, or constitutional provision she
2 | claims was violated by the conduct she alleges, such that defendants will be on notice of the
3 | factual **and legal basis** for the claims she seeks to assert against them.  Each claim should be
4 | broken out into a separate cause of action that contains all of the essential elements of the
5 | claim asserted and states the specific relief requested for that claim.  And for each separately
6 | identified claim for relief, Warren must also identify which defendant(s) is(/are) the target of
7 | each claim.  I emphasize that these requirements are designed to give defendants an adequate
8 | notice of what Warren's allegations actually are, so that they can present their defense to the
9 | same.  Simply put, it is not fair for defendants to have to respond to allegations they do not
10 | understand, when there are rules on how a pleading should be presented.

11 |      d.     Warren is also cautioned that an amended complaint must be "complete in
12 | itself without reference to the" previous version of the complaint.  *See* Local Rule 15-1(a).
13 | Thus, Warren must restate in the new version any facts that she wants to continue to allege
14 | as the basis of her new claims; I will not simply refer back to her prior pleading for other
15 | information because an amended complaint supersedes all prior versions as if the prior
16 | versions never existed, and all allegations and claims not carried forward are deemed
17 | waived.[21]

18 |      e.     Given this specific guidance on pleading requirements, I am not inclined to
19 | entertain a second motion for leave to amend should the first motion or proposed amended
20 | complaint be found to be deficient.

21 |      f.     Warren's failure to file a properly supported motion to amend her complaint
22 | that complies with the rules of this court within 30 days of this order will lead to the
23 | termination of this case without further notice because Warren's complaint has been
24 | dismissed under Rule 12(h)(3).

25 | **C.**     **Warren's objections were timely filed.**
26 |      In addition to her two substantive "objections," Warren lodges a procedural objection
27 |
28 |      [21] *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011).

to the fact that objections to the Report and Recommendation were due by October 18, 2014, which was a Saturday.  Doc. 5 at 1.  Magistrate Judge Ferenbach's Report and Recommendation stated only that objections were due fourteen days from the issuance of the order, Doc. 3 at 3, and under Federal Rule of Civil Procedure 6(a)(1)(C), when the end of a period ends on a Saturday, the period is expanded; it does not expire "until the end of the next day that is not a Saturday, Sunday, or legal holiday."[22]  Warren timely filed her objections on October 20, 2014.  This objection is overruled.

**D.   Warren's emergency motion for a preliminary injunction is denied without prejudice.**

Warren has also filed an emergency motion to "stop mold cleanup until [defendants] relocate me and my daughters."  Doc. 2 at 1.  A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[23]  A court may only grant a preliminary injunction upon a showing that: (1) the petitioner is likely to succeed on the merits of his complaint; (2) irreparable harm will result in the absence of an injunction; (3) the balance of equities favors an injunction; and (4) an injunction is in the public's interest.[24]  Since this test is conjunctive and depends in part on the success of the merits of Warren's claims—which have all been dismissed—Warren present no claim on which she could prevail.  I therefore deny Warren's preliminary-injunction motion without prejudice.

**Conclusion**

**IT IS THEREFORE ORDERED** that Warren's Objections to Report and

---

[22] Fed. R. Civ. Proc. 6(a)(1)(C).

[23] *Winters v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see Abbott Laboratories v. Andrx Pharmaceuticals, Inc.*, 473 F.3d 1196, 1200 (Fed. Cir. 2007).

[24] *Winters*, 555 U.S. at 22 (citations omitted); *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).

1  Recommendations [Doc. 5] are OVERRULED to the extent consistent with this order.

2      **IT IS FURTHER ORDERED** that Magistrate Judge Ferenbach's Report and

3  Recommendation **[Doc. 3] is ADOPTED** to the extent consistent with this order.  Warren's

4  complaint is **DISMISSED**.  If Warren desires to proceed with this action, she must file a proper

5  motion to file an amended complaint that complies with all rules and procedures of this Court

6  and the detailed instructions set forth above by January 5, 2015.

7      **IT IS FURTHER ORDERED** that Warren's Emergency Motion for Preliminary

8  Injunction **[Doc. 2] is DENIED WITHOUT PREJUDICE**.

9      DATED December 5, 2014.

10

11  _____

   Jennifer A. Dorsey

12  United States District Judge