# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Carolyn Warren,

        Plaintiff,

v.

RK Properties, et al.,

        Defendants.

Case No. 2:14-cv-1583-JAD-VCF

**Order and Judgment**

      On December 5, 2014, I dismissed *pro se* plaintiff Carolyn Warren's claims under the *Rooker-Feldman* doctrine because I concluded this action is a *de facto* appeal of her state-court eviction proceedings, and Warren's proper remedy was to appeal her state court decision in the state court system—not to seek review by a federal court. Doc. 6.[1] I gave Warren 30 days to file a motion to amend her complaint to identify a claim over which this court should exercise jurisdiction, cautioning Warren that, "if she fails to file a proper and meritorious motion to amend within 30 days, this case will be dismissed without prejudice and without further notice." Doc. 6 at 6. In that same order, I also denied her motion for a preliminary injunction against her landlord. *Id*. at 9.

      Warren did not move to amend her complaint within the 30-day deadline. Instead, on day 31, she filed a notice of appeal, along with a motion for leave to extend the time for filing her notice of appeal. Docs. 7, 8.[2] I first consider the effect of Warren's failure to file a motion for leave to amend; I then turn to Warren's request to extend her time for appeal.

---

[1] The order was not entered until December 8, 2014. *See* Doc. 7 at 2.

[2] Docs. 7, 8; Fed. R. App. Proc. 4(a)(1)(A); 28 U.S.C. § 1292(a)(1).

**Discussion**

**A.   The status of this case**

I did not formally enter an order closing Warren's case on January 8, 2014. Instead, I explained to Warren that this court lacks jurisdiction over the claims she has pled and gave her 30 days to file a proper motion to amend and identify a claim that falls within this court's jurisdiction. I indicated in my order that I would dismiss the action without prejudice to Warren's ability to pursue her state-court challenge and close the case if Warren failed to move timely to amend her complaint to assert a claim over which this court should exercise jurisdiction. Doc. 6 at 9. Warren has not offered any new claim. Accordingly, I find that this case should be dismissed in its entirety (as all claims have already been dismissed, *see* Doc. 6) for want of subject-matter jurisdiction, and I direct the Clerk of Court to enter judgment and close the case.

**B.   Warren's motion to enlarge her time for appeal**

I next consider Warren's request to extend the 30-day period for filing a notice of appeal by a single day to render her notice timely. Doc. 8. The motion is based on a misunderstanding of the trigger for the appeal deadline. Because I have not yet entered judgment, the time for appeal from my December 5, 2014, decision has not yet begun to run. *Peng v. Mei Chin Penghu*, 335 F.3d 970, 975 (9th Cir. 2003); *SEC v. Mount Vernon Mem'l Park,* 664 F.2d 1358, 1361–62 (9th Cir. 1982) (denial of preliminary injunctive relief merges into final judgment for purposes of appeal); Fed. R. App. Proc. 4(a)(7)(A). By operation of FRAP 4(a)(2), Warren's (premature) January 9, 2015, notice (Doc. 7) will be deemed a timely notice of appeal from my December 5, 2014, decision as soon as this judgment is entered. Fed. R. App. Proc. 4(a)(2)("A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry."). Accordingly, Warren requires no extension of time to render her notice of appeal timely, and her motion is denied.

. . .

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Warren's motion for an extension of the appellate deadline **(Doc. 8) is DENIED**; and

WITH GOOD CAUSE APPEARING AND NO REASON FOR DELAY, as all claims have been dismissed for want of subject-matter jurisdiction and without prejudice to their reassertion in state court, **JUDGMENT against plaintiff is hereby entered** in accordance with Fed. R. Civ. Proc. 58.

**The Clerk of Court is directed to close this case.**

DATED: January 16, 2015.

_____
Jennifer A. Dorsey
United States District Judge